IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUTHER MONTGOMERY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 23-0471-KD-MU ) |
| STATE FARM INSURANCE, *et al.,* | ) ) ) |
| Defendants. | ) |

## **ORDER**

This action is before the Court on the complaint filed by *pro se* Plaintiff Luther Montgomery on December 21, 2023 (Doc. 1) and Plaintiff's motion to proceed without prepayment of fees and costs (Doc. 2). The motion to proceed *in forma pauperis* has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.2(c)(1). Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-

613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.... However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) (citations omitted). "In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises

its discretion to deny the application." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002). In *Martinez, supra*, the Eleventh Circuit determined that affidavit statements satisfying the requirement of poverty should be accepted by the trial court "absent a serious misrepresentation and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." 364 F.3d at 1307 (citation omitted); *see also id*. ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

    The Court cannot determine whether Plaintiff is unable to pay the costs of commencing this action because Plaintiff did not provide the necessary information requested in this Court's form motion and by the cases cited above. For example, Plaintiff did not provide all of the requested information concerning his past employment, the value of his vehicle, and other financial information. Additionally, Plaintiff stated that his girlfriend is providing him with the 'necessities of life' and, therefore, he must include information about her financial status, including her monthly income and expenses, the value of assets owned by her, and the amounts of money she has in banks, savings accounts, etc. *See Fridman*, 195 F. Supp. 2d at 537. Finally, Plaintiff did not verify his responses by signing his motion.

    For the Court to make the determination of whether Plaintiff's financial status entitles him to proceed in this action without prepayment of the filing fee, Plaintiff must provide the specific information requested on the form. Accordingly, Plaintiff is **ORDERED 1)** to complete the form in its entirety by providing all of his **and his**

3

**girlfriend's** financial information, 2) to sign the form, and 3) to refile the Motion to

Proceed Without Prepayment of Fees on or before **January 24, 2024.**

**DONE** and **ORDERED** this the **9th** day of **January, 2023**.

s/P. BRADLEY MURRAY

4