## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LUTHER STEVEN MONTGOMERY,    )  | |
|     Plaintiff,    ) | |
| ) | |
| v.    ) | CIVIL ACTION No. 23-00471-KD-MU |
| ) | |
| STATE FARM INSURANCE, et al.,    ) | |
|     Defendants.    ) | |

### ORDER

This action is before the Court on review of the record. A federal court has a continual and independent duty to ensure that it has subject-matter jurisdiction. See, e.g., McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1312 (11th Cir. 2021). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Before acting on its own, however, a court must accord parties fair notice and an opportunity to present their positions. McIntosh, 5 F.4th at 1312.

Plaintiff Luther Steven Montgomery ("Montgomery") claims that federal subject-matter jurisdiction exists under diversity and federal question jurisdiction. The party invoking federal jurisdiction bears the burden of establishing facts supporting its existence by a preponderance of the evidence. Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010).

Federal question jurisdiction exists when "a federal question appears on the face of the plaintiff's well-pleaded complaint." Cmty. State Bank v. Strong, 651 F.3d 1241, 1251 (11th Cir. 2011). There is insufficient evidence to support that federal question jurisdiction exists because there is not a federal question on the face of the amended complaint.

Federal diversity jurisdiction exists when the opposing parties have completely diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[D]iversity jurisdiction is determined at the time of filing the complaint." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016).

Montgomery's complaint alleges that that State Farm and Wilson are citizens of Arizona. Neither State Farm nor Wilson have admitted this is correct or denied it. Montgomery does not allege the citizenship of Chu, but does allege that Chu has a Georgia address. In Chu's answer, he admits that his address is correct but does not address citizenship. (Doc. 16 at 2). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Therefore, the Court is not satisfied by a preponderance of the evidence that complete diversity of citizenship is present.

"A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Generally, a court will not dismiss a case for lack of diversity jurisdiction based on the amount of controversy unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). But "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010). Further, when jurisdiction is based on indeterminate damages, the party invoking federal jurisdiction must prove—by a preponderance of the evidence—that the claim on which it is basing jurisdiction meets the jurisdictional minimum. Federated Mut. Ins. Co., 329 F.3d at 807. Damages are indeterminate when the plaintiff fails to place a dollar amount on the various damages it seeks. Id. at 808.

2

Montgomery's complaint does not place a dollar amount on the various damages he seeks. (Doc. 1). Montgomery simply alleges that the amount in controversy is "1 million." (Doc. 1). But this conclusory allegation is unsupported by the facts and claims alleged. Given that Montgomery fails to place any dollar amount on his various claims, the Court is unable to determine that the million-dollar claim is made in good faith.

In sum, the Court has a continual and independent duty to ensure that it has subject-matter jurisdiction. See, e.g., McIntosh, 5 F.4th at, 1312. The party invoking federal jurisdiction bears the burden of establishing facts supporting its existence by a preponderance of the evidence. Osting-Schwinn, 613 F.3d at 1085. Accordingly, the parties are ordered to address the issue of this Court's diversity jurisdiction **on or before June 16, 2025**, as follows:

- Defendants are **ORDERED** to file Disclosure Statements pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 7.1. Each Defendant shall provide their citizenship as it existed at the time the complaint was filed.

- Montgomery is **ORDERED to SHOW CAUSE**, explaining how the amount in controversy is satisfied in this case. This can be done by placing good-faith dollar amounts on the various claims that exceed $75,000 in total.

**DONE** and **ORDERED** this the **5th** day of **June 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**