IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUTHER STEVEN MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. A. NO.: 23-0471-KD-MU |
| ) | |
| STATE FARM INSURANCE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On July 24, 2025, Defendant Phuong V. Chu filed a Motion to Dismiss the claim asserted against him in Plaintiff's complaint. (Doc. 30). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72, for a report and recommendation. The issue presented has been fully briefed by both parties. (Docs. 31, 35, 36). For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Defendant Phuong V. Chu's motion to dismiss be **GRANTED**.

### I. Factual Allegations

On December 21, 2023, Plaintiff Luther Steven Montgomery, proceeding *pro se*, filed his complaint against Defendants State Farm, Rodney Wilson, and Phuong V. Chu. (Doc. 1). Upon order of the Court, Plaintiff filed an amended complaint, which is the operative complaint, on September 9, 2024. (Doc. 9). Defendants State Farm and Wilson filed a motion to dismiss the claims made against them, which the Court granted on June 18, 2025. (Docs. 14, 28). Therefore, Chu is the only remaining defendant.

In his complaint, Plaintiff alleges that he was in a car wreck with Chu, a State Farm

insured, on July 1, 2023, and that, after the accident, he filed a claim with State Farm. He further alleges that the State Farm claims department adjuster initially determined that Chu was at fault, and the adjuster started payments by State Farm for a rental car and sent him a settlement offer for his car and injuries, which he rejected. (Doc. 9; PageID. 37, 39). However, according to Plaintiff, his claim was thereafter sent to Wilson, a claims specialist, who told him that State Farm was denying the claim and stopped all payments because his investigation revealed that Chu, State Farm's insured, was not at fault. (*Id.;* PageID. 39-40).

As to Chu, Plaintiff alleges that, after running him off the road, Chu gave a false statement to State Farm stating that he was not at fault. (*Id.;* PageID. 40). Plaintiff attributes State Farm's denial to Chu's allegedly false statement.

Based on these facts, Plaintiff alleges that all defendants, including Chu, breached a contract to pay for his damages. (*Id.;* PageID. 42). In his response, he reiterates that he is not suing Chu for negligence; rather he is suing him for breach of contract. (Doc. 35; PageID. 119).

## II. <u>Standard of Review</u>

Defendant Chu submits that Plaintiff's claim against him is due to be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiff has failed to state a claim against him upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. A complaint is also "subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In determining whether a claim is stated, the court "must accept the factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff." *Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1066 (11th Cir. 2017). However, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

### III. Legal Analysis

Chu asserts that the complaint fails to state a claim against him for breach of contract because Chu never entered into any contract with Plaintiff. To prevail on a breach of contract claim, the plaintiff must first show that a valid contract exists. *See Dupree v. PeoplesSouth Bank,* 308 So. 3d 484, 490 (Ala. 2020). This Court has previously found that:

> "[T]he basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement." *Sirote & Permutt, P.C. v. Caldwell*, 293 So. 3d 867, 873 (Ala. 2019) (citations omitted). "It is well settled that whether parties have entered a contract is determined by reference to the reasonable meaning of the parties' external and objective actions." *SGB Const. Servs.,*

    *Inc. v. Ray Sumlin Const. Co., Inc.*, 644 So. 2d 892, 895 (Ala. 1994).

*Montgomery v. State Farm Ins.*, Civ. A. No.: 23-471-KD-MU, 2024 WL 6896281, at *3 (S.D. Ala. July 1, 2024).

 Plaintiff has offered no factual support for his conclusory contention that Chu is liable to him for breach of contract. There is absolutely no allegation that an offer was made by either party to the other, that an offer was accepted, or that consideration was given, and therefore, no factual support that a contract was made. Chu's denial that the accident was his fault, even if false, created no obligation between the two. Therefore, Montgomery's claim against Chu for breach of contract is due to be dismissed.

## **CONCLUSION**

 For the reasons stated above, the Court finds that the complaint, when viewed in the light most favorable to Plaintiff, fails to state a claim for breach of contract against Chu. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss filed by Defendant Phuong V. Chu be **GRANTED** and that this action be **DISMISSED**.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

 A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C.

§ 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **9th** day of **December, 2025**.

s/P. BRADLEY MURRAY<br>UNITED STATES MAGISTRATE JUDGE